The Court
(Duckett, J., absent,)
refused to permit the copy of the letter to be read in evidence, because Rumney might have been examined as a witness for the plaintiffs; and even if he should have refused to be examined on account of interest, yet he would have been a competent witness if he had waived the objection. .
To prove the handwriting of the plaintiffs to certain letters, the defendant produced James Sanderson, who had lived as clerk with Sanderson & Rumney, and who testified that there was a large and long correspondence between that house and the plaintiffs, and that he had seen a great number of letters received from the plaintiffs by Sanderson & Rumney, in the course of that correspondence, and in answer to letters of Sanderson & Rum.- *492 ney, addressed to the plaintiffs, and that the letters now produced, appear to be in the handwriting of some one of that house. Robert Young also testified that he had corresponded with the plaintiffs, and had put money into their hands, and had drawn the money from them, and that the letters now produced were, as he believed, in the same-handwriting with those. But neither of the witnesses had ever seen either of the plaintiffs write.
The Court (Duckett, J., absent,) said the letters were sufficiently proved to go in evidence to the jury. It is evidence by comparison of hands, and is the best evidence the nature of the case will admit. To say that the handwriting must be proved by a person who had seen him write, is only to say 1 hat a fact known to one person cannot be proved by him, because there may be a person who has a more correct knowledge of the same fact, or whose judgment may be more mature, or may have had a better opportunity of getting information. It may happen that a witness may have seen the party once write his name, but his testimony would not bé so satisfactory as that offered in this case,
A deposition of Robert Perry was taken on the part of the defendant, but not used or read by him; it being filed, the plain- ' tiffs wished to read it, but it being testimony which would not have been competent for the plaintiffs to have used, if taken on his part, the Court decided, that the mere fact of the deposition being taken on the part of the defendant, did-not make the testimony competent evidence for the plaintiffs. Nonsuit.